UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMA WILLIS JAMISON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION et al.,<br><br>　　　　Defendants. | Case No. 2:23-cv-09212-SB-MRW<br><br>ORDER DENYING MOTION TO REMAND |

　　　Plaintiff Kama Willis Jamison, a California citizen, filed a complaint alleging civil rights violations against Defendants Costco Wholesale Corporation and Doe 1. Dkt. No. 1-1. Costco, a Washington citizen, removed the case on diversity grounds. Dkt. No. 1. Plaintiff now moves to remand, asserting that this Court lacks jurisdiction because Doe 1, a California citizen, destroys diversity jurisdiction. Dkt. No. 8.[1] The Court issued its tentative ruling on December 18, 2023, and held a hearing on December 19, 2023. Both parties submitted on the tentative.

　　　Federal courts have a duty to assess whether subject-matter jurisdiction exists. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). Section 1332 provides for federal jurisdiction over civil actions between citizens of different states where the amount

---

[1] Costco moved to strike Plaintiff's reply brief as untimely. Dkt. No. 18. Because the reply was filed only a few hours after the deadline and Costco fails to allege prejudice, the Court elects to consider the reply brief. Any future infractions may result in appropriate sanctions.

in controversy exceeds $75,000.² 28 U.S.C. § 1332(a)(1). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Diversity jurisdiction requires that all plaintiffs be completely diverse from all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

Plaintiff alleges claims against Costco and Doe 1 for violations of the Unruh Civil Rights Act, defamation, and intentional infliction of emotional distress. *See generally* Dkt. No. 1-1.

Section 1441 directs federal courts to disregard the citizenship of fictitiously named defendants when deciding if a case is removable on diversity grounds. 28 U.S.C. § 1441(b). The directive is unambiguous: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." *Id*. Relying largely on policy considerations, some courts have found § 1441(b) inapplicable and consider the citizenship of a fictitiously named defendant when the complaint provides enough information so that the removing party should be able to identify the fictitiously named defendant. *See Garcia v. Walmart, Inc.*, No. 22-CV-00371-SVW, 2022 WL 796197, at *2 (C.D. Cal. Mar. 16, 2022) (noting that "the courts that conduct this further inquiry appear to focus on a policy concern"). Plaintiff invites this Court to follow that line of cases and conclude that she has provided enough clues about Doe 1's identity to permit consideration of her citizenship. Dkt. No. 8-1 at 5. The Court declines the invitation because the language in § 1441(b) provides clear direction. *See Afewerki v. Anaya L. Grp.*, 868 F.3d 771, 778 (9th Cir. 2017) ("We must start, however, with the text of the statute, and when the statutory language is unambiguous, the plain meaning controls.") (cleaned up).

In the end, Plaintiff's motion is procedurally misguided. As the Ninth Circuit has explained, the "citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). If Plaintiff wishes to substitute a named defendant for Doe 1, and if that named defendant's citizenship would defeat jurisdiction, Plaintiff must file a motion for leave to do so pursuant to § 1447(e). *See* 28 U.S.C. § 1447(e) ("If after

---

² Plaintiff argues that the amount in controversy requirement has not been met even though she "agrees" with "Costco's valuation of this matter to be in excess of $75,000." Dkt. No. 8-1 at 11. This argument is frivolous.

removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Plaintiff should file any such motion by December 29, 2023.

    Accordingly, Plaintiff's motion to remand is DENIED.

Date: December 19, 2023

                                      Stanley Blumenfeld, Jr.
                                  United States District Judge